

Michael L. Kiklis (*pro hac vice* pending)
Katherine D. Cappaert (*pro hac vice* pending)
OBLON, MCCLELLAND,
MAIER & NEUSTADT, L.L.P.
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000 (phone)
(703) 413-2220 (fax)
mkiklis@oblon.com
kcappaert@oblon.com

Steven Kaufhold (State Bar. No. 157195)
KAUFHOLD GASKIN L.L.P.
388 Market Street, Suite 1300
San Francisco, CA 94111
(415) 445-4621 (phone)
skaufhold@kaufholdgaskin.com



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROADBAND iTV, INC., <br><br> Plaintiff, <br><br> v. <br><br> HAWAIIAN TELECOM, INC; OCEANIC TIME WARNER CABLE, LLC; AND TIME WARNER CABLE, INC., <br><br> Defendants. | CV 15 80053 MISC. HRL <br><br> Case Action No. 1:14-CV-00169-ACK-KSC pending in the District of Hawaii <br><br> **UNIFIED PATENTS INC.'S AND KEVIN JAKEL'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENAS ISSUED BY BROADBAND iTV, INC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION** |

Pursuant to Federal Rule of Civil Procedure 26(b) and 45(c), non-parties Unified Patents Inc. ("Unified") and Kevin Jakel hereby move to quash two subpoenas seeking testimony and the production of documents issued to Unified and Mr. Jakel by Broadband iTV, Inc. in connection with *Broadband iTV, Inc. v. Hawaiian Telecom, Inc. et al.*, Civil Action No. 1:14-cv-00169 (N.D. Cal.).

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in Support of Motion, the Declaration of Michael L. Kiklis, the Declaration of Kevin Jakel, and all exhibits attached thereto.

DATED: February 3, 2015          Respectfully submitted,

By: /s/ Steven Kaufhold
Steven Kaufhold (State Bar. No. 157195)
KAUFHOLD GASKIN L.L.P.
388 Market Street, Suite 1300
San Francisco, CA 94111
(415) 445-4621 (phone)

Michael L. Kiklis (*pro hac vice* pending)
Katherine D. Cappaert (*pro hac vice* pending)
OBLON, MCCLELLAND,
MAIER & NEUSTADT, L.L.P.
1940 Duke Street
Alexandria, VA 22314

1

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

I. PRELIMINARY STATEMENT ......................................................................................... 1

II. STATEMENT OF FACTS .................................................................................................. 3

    A. The Broadband Patent Litigation ................................................................................... 3

    B. Unified Patents ............................................................................................................... 4

    C. Subpoena Requests ........................................................................................................ 5

III. BROADBAND'S SUBPOENAS SHOULD BE QUASHED ............................................. 7

    A. Broadband's Subpoenas are Not Relevant to the Claims or Defenses of Any
       Party and are Unduly Burdensome ................................................................................ 7

    B. Broadband's Subpoenas Should Be Quashed for Seeking Privileged and
       Confidential Information, and Seeking Information Available Elsewhere ................... 9

        1. Broadband iTV's Subpoenas Demand Production of Unified's Privileged
           Information ......................................................................................................... 10

        2. Broadband iTV's Subpoenas Demand Production of Unified's Confidential
           Information ......................................................................................................... 11

        3. Broadband iTV's Subpoenas Demand Production of Information that is
           Publicly Available or Available From the Defendants ..................................... 11

        4. Broadband iTV's Subpoenas Demand Production of Documents that were
           Already Produced in the IPR .............................................................................. 12

IV. BROADBAND iTV'S SUBPOENAS INFRINGE UPON UNIFIED'S RIGHTS TO
     PETITION THE GOVERNMENT ................................................................................... 12

V. CONCLUSION .................................................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**

*Beinin v. Ctr. for the Study of Popular Culture*, No. 06-cv-2298,
  2007 U.S. Dist. LEXIS 22518 (N.D. Cal. Mar. 16, 2007).................................................7, 10

*Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646 (9th Cir. 1980).......................10

*Highfields Capital Mgmt., L.P. v. Doe*, No. 4-cv-00176,
  2005 U.S. Dist. LEXIS 29680 (May 31, 2005 N.D. Cal.).......................................................12

*In re Motor Fuel Temperature Sales Practices Litig.*, 258 F.R.D. 407
  (D. Kan. 2009) ...................................................................................................................13

*Kottle v. Northwest Kidney Ctrs.*, 146 F.3d 1056 (9th Cir. 1998).................................................13

*McErlain v. Park Plaza Towers Owners Ass'n*, No. 13-cv-03232,
  2013 U.S. Dist. LEXIS 179176 (N.D. Cal. Dec. 19, 2013)....................................................10

*Moon v. SCP Pool Corp.*, 232 F.R.D. 633 (C.D. Cal. 2005)...........................................................7

*N.A.A.C.P. v. Alabama*, 357 U.S. 449 (1958).............................................................................11

*Nidec Corp. v. Victor Co.*, 249 F.R.D. 575 (N.D. Cal. 2007)......................................................11

*Perry v. Schwarzenegger*, 591 F.3d 1147 (9th Cir. 2010)............................................................11

*VirnetX, Inc. v. Apple Inc.*, No. 14-mc-80013, 2014 U.S. Dist. LEXIS 130933
  (N.D. Cal. Mar. 21, 2104).....................................................................................................8

**Rules and Statutes**

35 U.S.C. § 311...............................................................................................................................4

35 U.S.C. § 315(b)..........................................................................................................................4

35 U.S.C. § 315(e)...................................................................................................................2, 5, 9

35 U.S.C. § 318...............................................................................................................................5

37 C.F.R. § 42.8..............................................................................................................................4

California Evidence Code § 954...................................................................................................10

Federal Rules of Civil Procedure 26(b) ................................................................................ *passim*

Federal Rules of Civil Procedure 45 ................................................................................ *passim*

U.S. CONST. amend. I............................................................................................................12

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PRELIMINARY STATEMENT

Unified Patents Inc. ("Unified") and Kevin Jakel, Unified's CEO, seek to quash two third-party subpoenas issued by Broadband iTV, Inc. ("Broadband").[1] On April 9, 2014, Broadband sued Hawaiian Telecom, Inc., Oceanic Time Warner Cable, and Time Warner Cable, Inc.[2] (collectively, "the defendants") in the District of Hawaii for infringement of U.S. Patent No. 7,631,336 ("the '336 patent"). Unified and Mr. Jakel are not parties to that patent litigation, have no relationship whatsoever to the patent litigation, and have no information that is relevant to the claims or defenses of the patent litigation. These subpoenas thus amount to needless harassment of Unified and Mr. Jakel and should be quashed.

This motion is properly heard by this court because compliance is required in the Northern District of California. Fed. R. Civ. P. 45(d)(3).

Although Unified and Mr. Jakel have no relationship to Broadband's patent litigation, Unified did seek to challenge the '336 Patent's validity in a separate proceeding at the U.S. Patent and Trademark Office ("USPTO"). On July 30, 2014, Unified filed a petition for an *inter partes* review (IPR) at the USPTO's Patent Trial and Appeal Board ("PTAB") challenging the '336 Patent. The IPR proceeding is separate from the patent litigation and is under the jurisdiction of the USPTO, not the district courts. In that proceeding, Unified provided voluntary discovery to Broadband so that Broadband could discern whether Unified was the sole party behind the IPR (i.e., the "real party in interest"), which it was. The discovery Unified provided was effectively exactly what Broadband had requested, and after receiving this discovery,

---

[1] Mr. Jakel's subpoena is identical to Unified's, but includes several additional document requests and deposition topics.
[2] Time Warner Entertainment Company, LP was also listed as a defendant in the first complaint, but was not included in Broadband's amended complaint filed on December 5, 2014.

1

Broadband did not challenge Unified's claim as being the sole real party in interest. Had the IPR reached a final written decision, Unified as well as any other real parties in interest would be limited in challenging the '336 Patent's validity in a civil action based on the estoppel provisions of 35 U.S.C. § 315(e)(2). Importantly, the estoppel provisions cannot kick in, because the PTAB recently denied the IPR petition and did not institute a trial. The IPR is thus effectively dead.

The IPR proceeding bore no relationship to Broadband's patent litigation. Broadband's subpoenas are thus not relevant to any of the claims or defenses in its case. Moreover, the subpoenas are overbroad, seek privileged information, seek Unified's highly confidential business information, seek information cumulative to what Unified already produced to Broadband, and seek information that could be obtained from other sources, namely the defendants in its own litigation. Unified and Mr. Jakel should not be burdened with these subpoenas, and the Court should quash Broadband's subpoenas in their entirety pursuant to Fed. R. Civ. P. 45(c) and 26(b).

First, Broadband's subpoenas seek information that is not relevant to Broadband's patent litigation. Unified and Mr. Jakel are not parties to the litigation and are not accused of infringing the '336 patent. To the extent that Broadband seeks documents and information to support a claim of estoppel pursuant to 35 U.S.C. § 315(e)(2), that claim is not relevant as estoppel only attaches once the PTAB issues a final written decision. That cannot happen here because the PTAB did not institute Unified's IPR.

Second, the subpoenas seek privileged and highly confidential information. For example, Broadband boldly seeks Unified's privileged strategy for filing its IPR petition. The subpoenas

also request highly confidential information concerning Unified's membership list, which Unified holds in the strictest of confidence.

Third, the subpoenas request duplicative information to what Broadband already received in the IPR proceeding. Prior to Broadband filing its preliminary response in IPR2014-01222, Broadband served Unified with interrogatories. *See* Kiklis Decl. ¶ 8; Jakel Decl. ¶ 5. Broadband's interrogatories requested information regarding Unified's membership, Unified's communications with the Defendants, and all communications related to the '336 patent to challenge Unified's claim as the sole real party in interest. Unified answered these interrogatories in full and provided Broadband with over 70 pages of responsive discovery. *See* Jakel Decl. ¶ 5.

Fourth, enforcing the subpoena would be unduly burdensome on non-parties Unified and Mr. Jakel. As discussed *supra*, the subpoenas seek confidential and privileged information. Additionally, the subpoenas seek information that is either publicly available or is more readily available from the defendants. Thus, Unified and Mr. Jakel should not have to spend their valuable time and money to provide this discovery. *See* Jakel Decl. ¶ 6.

Finally, enforcing the subpoenas would intrude into Unified's and Mr. Jakel's First Amendment right to petition the government. For such an intrusion to be warranted, the subpoena must be highly relevant to the litigation and carefully tailored. Broadband's subpoenas are neither. Accordingly, the Court should quash Broadband's subpoenas in their entirety.

## II.    STATEMENT OF FACTS

### A.    The Broadband Patent Litigation

Broadband filed suit on April 9, 2014 in the District of Hawaii alleging that Hawaiian Telecom, Inc. ("Hawaiian Telecom"), Oceanic Time Warner Cable, Inc., Time Warner Cable, Inc., and Time Warner Entertainment Company, LP (collectively, "TWC") infringed the '336

3

patent. On December 5, 2015, Broadband filed an amended complaint for damages and injunctive relief against the defendants alleging infringement of the '336 patent. On January 9, 2015, the defendants filed their answers to the complaint. Unified and Mr. Jakel were not accused of infringement in either of Broadband's complaints and are not parties to the litigation. *See* Jakel Decl., ¶ 10.

### B.   Unified Patents

Unified was founded by intellectual property professionals over concerns with the increasing risk of non-practicing entities (NPEs) asserting poor quality patents against strategic technologies and industries. *See* Jakel Decl. ¶ 2. The founders thus created a first-of-its-kind company whose sole purpose is to deter NPE litigation by protecting technology sectors, like content delivery, the technology at issue in the '336 patent. Companies in a technology sector subscribe to Unified's technology specific deterrence, and in turn, Unified performs many NPE-deterrent activities, such as analyzing the technology sector and monitoring patent activity (including patent ownership and sales, NPE demand letters and litigation, and industry companies). Unified's monitoring activities allow it to identify patents, perform prior art research, analyze invalidity, and sometimes file reexams or IPRs against some patents.

On July 30, 2014, Unified filed an IPR petition with the PTAB challenging the validity of certain claims of the '336 patent. An IPR is a statutorily-authorized proceeding where a party requests that the PTAB cancel one of more claims of an issued patent. 35 U.S.C. § 311. When filing an IPR, the petitioner must identify each real party in interest. 37 C.F.R. § 42.8. This is because "an inter partes review may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner, real party in interest, or privy of the petitioner is served with a complaint alleging infringement of the patent." 35 U.S.C. § 315(b). Additionally, when an IPR results in *a final written decision*, the petitioner, real party in interest,

or privy of the petitioner may not assert in a civil action or proceeding before the International Trade Commission that any of the claims of the patent are invalid "on any ground that the petitioner raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2). The PTAB issues final written decisions addressing the patentability of any patent claim challenged in an IPR that is both instituted and not dismissed. 35 U.S.C. § 318.

In support of its IPR petition, Unified certified that it had not been served with a complaint alleging infringement of any patent. Broadband IPR, Paper No. 1 (Jul. 30, 2014). Unified also certified that it was the sole real party in interest for the IPR proceeding. *Id.* Unified provided voluntary discovery so that Broadband could confirm Unified's claim of being the sole real party in interest. *See* Kiklis Decl. ¶ 8. This discovery is virtually identical to what Broadband had requested. *See* Kiklis Decl. ¶ 7. In its preliminary response, Broadband did not challenge Unified's status as the only real party in interest. *See* Broadband IPR, Paper No. 7 (Nov. 6, 2014). On January 5, 2015, the PTAB decided not to institute trial on Unified's petition. *See* Broadband IPR, Paper No. 8 (Jan. 5, 2015). Because the PTAB did not institute trial, the IPR will never result in a final written decision.

### C. Subpoena Requests

Broadband served subpoenas on January 21, 2015 on Unified and Kevin Jakel seeking documents and testimony. *See* Kiklis Decl. ¶¶ 3, 4. The Unified subpoena demands the production of 18 categories of documents and deposition testimony. *See* Kiklis Decl. ¶ 3. The Kevin Jakel subpoena demands the production of the same 18 categories of documents and deposition testimony along with 5 additional categories. *See* Kiklis Decl. ¶ 4. The information sought is extremely broad, burdensome and intrusive, and not relevant to the patent litigation. The subpoenas also request confidential information and documents and information protected

by the attorney-client privilege. By way of example, the following broad requests seek production of attorney-client privileged information:

- All documents and things that refer to, relate to, or comment upon the *Inter Partes Review* of the '336 patent, proceeding number IPR2014-01222, including the decision to institute this proceeding. (Request No. 6.)

- All documents and things referring to, relating to, or commenting upon any search of prior art relating to the subject matter of the '336 patent, whether or not the resulting prior art was cited in IPR No. IPR2014-01222. (Request No. 11.)

- All documents and things referring to, relating to, or commenting upon the decision to rely upon U.S. Patent and/or Publication Nos. 6,804,258, 5,648,824, 5,758,258, and 2002/0138843 in IPR No. IPR2014-01222. (Request No. 12.)

Additionally, at least ten of the Requests explicitly reference Unified's IPR petition to the USPTO. Unified's privileged information is not relevant to the patent litigation, nor are the Requests related to the IPR Proceeding, as the IPR proceeding was not instituted. These topics and requests include demands for documents regarding Unified's decision to file the IPR and contributions of every person involved in the IPR that broadly cover Unified's communications with its counsel:

- All documents and things referring to, relating to, or commenting upon any communications between Unified Patents and any other party regarding IPR No. IPR2014-01222, the *Inter Partes Review* of the '336 patent. (Request No. 7.)

- All documents and things referring to, relating to, or commenting upon the identity of the individuals involved in the decision to file *Inter Partes Review* No. IPR2014-01222. (Request No. 8.)

Concurrent with the filing of this motion, Unified and Mr. Jakel served Broadband with responses and objections to the subpoenas.[3] *See* Kiklis Decl. ¶¶ 5, 6. Unified and Mr. Jakel objected to the subpoena on multiple applicable grounds, including *inter alia* that the requests: (1) sought information protected by the attorney-client privilege; (2) sought Unified's highly

---

[3] In compliance with the Local Rules of this Court, counsel for Unified and Mr. Jakel met and conferred with Broadband's counsel prior to service of the responses and objections to the subpoenas and the filing of this action. *See* Kiklis Decl. ¶ 2.

6

confidential business information; (3) sought irrelevant information; (4) sought information that was publicly available from the defendants in the patent litigation; and (5) sought information duplicative to that which Unified had already produced in IPR2014-01222.

## III. BROADBAND'S SUBPOENAS SHOULD BE QUASHED

### A. Broadband's Subpoenas are Not Relevant to the Claims or Defenses of Any Party and are Unduly Burdensome

Broadband's subpoenas seek irrelevant documents and information and should thus be quashed. *See* Fed. R. Civ. P. 26(b)(1) (discovery is limited to matters "relevant to any party's claim or defense" or "reasonably calculated to lead to the discovery of admissible evidence"); *see also Beinin v. Ctr. for the Study of Popular Culture*, No. 06-cv-2298, 2007 U.S. Dist. LEXIS 22518 at *4-5 (N.D. Cal. Mar. 16, 2007) (stating that the Fed. R. Civ. P. 26(b)(1) relevancy standard also applies to third-party subpoenas). Broadband's subpoenas should also be quashed because they impose an unjustified burden on Unified and Mr. Jakel. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv); *see also Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (stating that courts consider "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed" when deciding whether a subpoena is unduly burdensome.)

Unified and Mr. Jakel are not parties to Broadband's patent litigation and have not been accused of infringing Broadband's patents. Despite Unified and Mr. Jakel having no connection to the patent litigation and no knowledge relevant to it, Broadband's subpoenas demand that Unified and Mr. Jakel provide documents and testimony regarding 18 and 23, respectively, broad categories of information. The information sought by Broadband can be grouped into two main categories: (1) information and communications regarding Unified's IPR Petition to the PTAB;

(2) business relationships and communications between Unified and its members. None of this information is related to the claims and defenses at issue in the patent litigation. Broadband does not seek information regarding the defendants' infringement of the '336 patent or information regarding any of the defendants' accused products or acts. Additionally, any information regarding Unified's or Mr. Jakel's view of the '336 patent's validity is not only irrelevant but is also privileged in its entirety other than Unified's publicly filed IPR petition.

The only basis for relevancy articulated by Broadband in the meet and confers leading up to the filing of this motion was that Unified issued two press releases about the filing of its IPR. The issuance of two press releases by a non-party is simply not relevant to any claim or defense in a patent infringement suit no matter what those press releases say.

The discovery sought by Broadband is irrelevant to its patent infringement action and Broadband's subpoenas should thus be quashed. *See VirnetX, Inc. v. Apple Inc.*, No. 14-mc-80013, 2014 U.S. Dist. LEXIS 130933 at *8-11 (N.D. Cal. Mar. 21, 2104) (quashing a third-party subpoena seeking information about IPRs filed by RPX because the information sought was irrelevant to the underlying case). In *VirnetX*, on similar facts, this Court quashed a subpoena where a patent litigation plaintiff sought discovery against a third-party IPR petitioner (RPX) claiming the requested discovery was relevant to infringement, inducement, attorney's fees, and collateral estoppel. This Court found that the discovery requests directed to the IPR proceeding were not relevant to willful infringement or active inducement as "[a]n IPR proceeding assesses the validity of a patent, not whether a party has infringed or induced others to infringe that patent." *Id.* at *10. This Court also found that the requested discovery was not relevant to collateral estoppel because collateral estoppel only applies after the PTAB issues a final written decision. *Id.* at *7 (finding that VirnetX's requests were premature and thus

8

irrelevant because the PTAB had not yet issued a final written decision addressing validity or real party in interest.); *see also* 35 U.S.C. § 315(e).

Broadband may also attempt to argue here, like VirnetX did, that some of its requests are relevant to whether the defendants are estopped from challenging the '336 patent's validity. That argument, however, must fail. In *VirnetX*, the Court found the discovery irrelevant because it was premature until a final written decision issues. But here, the PTAB did not institute trial in the IPR. The IPR proceeding thus will never result in a final written decision and estoppel will never attach. Therefore, Broadband's requests are irrelevant in their entirety forever, not just because they are premature.

Moreover, in addition to being irrelevant, the proposed document production and depositions will impose an entirely unjustified burden on Unified and Mr. Jakel, if not quashed. Specifically, the moving parties will be forced to expend dozens of hours, if not more, searching for, reviewing and producing documents. *See* Jakel Decl. ¶ 6. Compliance will require a search for responsive documents from multiple custodians of documents all without the assistance of an internal IT manager. *See* Jakel Decl. ¶ 6. Finally, Broadband also seeks to impose multiple depositions on the moving parties. None of this third-party discovery is justified under the circumstances here and the subpoenas should be quashed for these reasons as well.

### B. Broadband's Subpoenas Should Be Quashed for Seeking Privileged and Confidential Information, and Seeking Information Available Elsewhere

The law strongly supports quashing these subpoenas for several additional independent reasons. A court must quash a subpoena that "requires disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(d)(3)(A)(iii). A court may also quash a subpoena that requires a party to disclose "a trade secret or other confidential research, development, or commercial information" Fed. R. Civ. P. 45(d)(3)(B)(i). Additionally, non-parties are entitled to greater

protections from overly broad discovery requests in order to prevent "harassment, inconvenience, or disclosure of confidential documents." *Beinin v. Ctr. for the Study of Popular Culture*, No. 06-cv-2298, 2007 U.S. Dist. LEXIS 22518 at *5-6 (N.D. Cal. Mar. 16, 2007); *see also Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980). A court must also limit discovery if it is duplicative or could be obtained from a more convenient or less burdensome source. *McErlain v. Park Plaza Towers Owners Ass'n*, No. 13-cv-03232, 2013 U.S. Dist. LEXIS 179176 at *6-7 (N.D. Cal. Dec. 19, 2013). These grounds all apply here.

### 1. Broadband iTV's Subpoenas Demand Production of Unified's Privileged Information

Broadband's subpoenas impermissibly demand that Unified and Mr. Jakel produce broad categories of privileged information and should thus be quashed. Fed. R. Civ. P. 45(d)(3)(A)(iii). In essence, Broadband seeks Unified's privileged strategy. For example, Request No. 6 seeks "[a]ll documents and things that refer to, relate to, or comment upon the *Inter Partes* Review of the '336 patent, proceeding number IPR2014-01222, including the decision to institute this proceeding." (underline emphasis added). Similarly, Request No. 12 seeks "[a]ll documents and things referring to, relating to, or commenting upon the decision to rely upon U.S. Patent and/or Publication Nos. 6,804,258, 5,648,824, 5,758,258, and 2002/0138843 in IPR No. IPR2014-01222." California law protects these topics – and others relating to attorney-client communications from disclosure. *See* California Evidence Code § 954 ("[T]he client, whether or not a party, has a privilege to refuse to disclose, and to prevent another from disclosing, a confidential communication between client and lawyer.) Simply put, there is no reason for the Court to attempt to parse Broadband's facially improper requests. Broadband's subpoenas call for the production of protected information and should be quashed in their entirety.

### 2. Broadband iTV's Subpoenas Demand Production of Unified's Confidential Information

Broadband's subpoenas impermissibly seek some of Unified's most closely guarded secrets, like Unified's highly confidential membership list. For example, Request No. 18 seeks "[a]ll documents and things referring to, relating to, or commenting upon the identities of each of your subscribers." Similarly, Request No. 3 seeks information regarding the Broadband Defendant's relationship with Unified Patents. Unified's relationship with its members, membership list, and the terms of its agreements with its members is highly confidential information that Unified goes to great lengths to protect. *See* Jakel Decl. ¶¶ 7, 8. Such requests are improper and protected from disclosure. *See N.A.A.C.P. v. Alabama,* 357 U.S. 449, 462 (1958) (Stating that "[T]his Court has recognized the vital relationship between freedom to associate and privacy in one's associations" and holding that disclosure of the NAACP's membership list would be "a substantial restraint upon . . . [the] right to freedom of association."); *Perry v. Schwarzenegger,* 591 F.3d 1147, 1164-65 (9th Cir. 2010) (holding that "private, internal campaign regarding formulation of strategy" are protected from discovery in civil litigation). Again, Broadband's subpoenas are overly broad and improperly demand that Unified and Mr. Jakel produce confidential information and so should be quashed.

### 3. Broadband iTV's Subpoenas Demand Production of Information that is Publicly Available or Available From the Defendants

Broadband's subpoenas are also unduly burdensome because much of the information sought is available from the defendants themselves. For example, Broadband seeks discovery on Unified's relationship with the defendants. *See e.g.,* Requests 1-3. To the extent this information exists and is even relevant, this information can be easily obtained from the defendants who are parties to the litigation rather than burdening non-parties Unified and Mr. Jakel. *See Nidec Corp. v. Victor Co.,* 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no

11

reason to burden nonparties when the documents sought are in the possession of the party defendant."). Because it would be much more "convenient" and "less burdensome" for Broadband to seek this information from sources other than Unified and Mr. Jakel, Broadband's subpoenas should be quashed. Fed. R. Civ. P. 26(b)(2)(C)(i).

### 4. Broadband iTV's Subpoenas Demand Production of Documents that were Already Produced in the IPR

As discussed *supra* at Section II(B), Unified already provided Broadband with ample voluntary discovery in the IPR. In its subpoenas, however, Broadband demands that Unified and Mr. Jakel produce information duplicative to that which it has already obtained. *See e.g.* Kiklis Decl. ¶¶ 3, 4; Fed. R. Civ. P. 26(b)(2)(C)(i). Broadband's duplicative requests show that it has not taken "reasonable steps to avoid imposing undue burden or expense" on Unified and Mr. Jakel. Fed. R. Civ. P. 45(c)(1); *see also Highfields Capital Mgmt., L.P. v. Doe*, No. 4-cv-00176, 2005 U.S. Dist. LEXIS 29680 at *4-5 (May 31, 2005 N.D. Cal.) (holding that "[t]he authorities make it clear that a finding that a party secured a subpoena in bad faith, or for an improper purpose (e.g. merely to harass or annoy . . . the target of the subpoena . . . would be a sufficient basis for concluding that a party had breached its duty under Rule 45(c)."). Broadband's subpoenas should thus be quashed.

## IV. BROADBAND iTV'S SUBPOENAS INFRINGE UPON UNIFIED'S RIGHTS TO PETITION THE GOVERNMENT

Broadband's subpoenas should be quashed because they violate Unified's right to petition the government. The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and <u>to petition the Government for a redress of grievances</u>." U.S. CONST. amend. I (emphasis added). Broadband's subpoena was apparently served because of Unified's IPR petition seeking to

12

invalidate the '336 patent because at least 10 of the requests and deposition topics seek information directly regarding Unified's IPR petition and the remaining requests and topics involve press releases involving the same IPR petition.

Petitioning an administrative agency is constitutionally protected conduct. *See Kottle v. Northwest Kidney Ctrs.*, 146 F.3d 1056, 1059 (9th Cir. 1998). If a non-party to a litigation was required to disclose why it filed an IPR petition and who was involved in the filing of the petition–as Broadband seeks here–parties would be discouraged from filing IPRs. *See* Jakel Decl. ¶ 9.[4] Enforcing the subpoena would be attacking Unified and Mr. Jakel for exercising their right to file IPRs, which is another reason why Broadband's subpoenas should be quashed.

## V.  CONCLUSION

For the foregoing reasons, non-party Unified and non-party Kevin Jakel respectfully request that the Court quash in their entirety the subpoenas served by Broadband.

---

[4] *See also In re Motor Fuel Temperature Sales Practices Litig.*, 258 F.R.D. 407, 415 (D. Kan. 2009) ("Disclosure of the association's evaluations of possible lobbying and legislative strategy certainly could be used by plaintiffs to gain an unfair advantage over defendants in the political arena.")

DATED: February 3, 2015    Respectfully submitted.

By: _____
Steven Kaufhold (State Bar. No. 157195)
KAUFHOLD GASKIN L.L.P.
388 Market Street, Suite 1300
San Francisco, CA 94111
(415)445-4621 (phone)

Michael L. Kiklis (*pro hac vice* pending)
Katherine D. Cappaert (*pro hac vice* pending)
OBLON, MCCLELLAND,
MAIER & NEUSTADT, L.L.P.
1940 Duke Street
Alexandria, VA 22314