**United States District Court**
For the Northern District of California

**\*E-Filed: April 17, 2015\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

BROADBAND iTV, INC.,

          Plaintiff,

   v.

HAWAIIAN TELECOM; et al.,

        Defendants.

_____/

No. 15-mc-80053 HRL

**ORDER GRANTING MOTION TO QUASH SUBPOENAS ISSUED BY BROADBAND iTV, INC.**

**[Re: Docket No. 1]**

    Before the court in this miscellaneous action is non-parties Unified Patents Inc. and Kevin Jakel's motion to quash subpoenas issued by Plaintiff Broadband iTV, Inc. Dkt. No. 1. The matter is deemed suitable for determination without oral argument, and the April 21, 2015 hearing is vacated. Civ. L.R. 7-1(b). Upon consideration of the moving and responding papers, this court grants Unified and Jakel's motion to quash.

## BACKGROUND

    In April 2014, Broadband iTV, Inc. sued Hawaiian Telecom, Inc., Oceanic Time Warner Cable, Inc., Time Warner Cable, Inc., and Time Warner Entertainment Company, LP in the District of Hawaii for infringing U.S. Patent No. 7,631,336.

    In July 2014, non-party Unified Patents Inc. filed a petition for *Inter Partes Review* ("IPR") against the '336 patent, challenging the validity of certain claims. Unified was created in order to "deter [non-practicing entity ("NPE")] litigation by protecting technology sectors, like content delivery, the technology at issue in the '336 patent." Mot. at 2. Unified is a member-based

organization in which members subscribe to a particular technology sector.  In return, "Unified performs many NPE-deterrent activities, such as analyzing the technology sector and monitoring patent activity (including patent ownership and sales, NPE demand letters and litigation, and industry companies).  Unified's monitoring activities allow it to identify patents, perform prior art research, analyze invalidity, and sometimes file reexams or IPRs against some patents."  *Id.*

In November 2014, Broadband filed a Preliminary Response to the IPR petition, in which it argued that the petition was deficient and the '336 patent was valid.  In January 2015, the Patent Trials and Appeals Board ("PTAB") issued a decision denying the institution of the IPR.

In January 2015, Broadband served subpoenas on Unified and Jakel, Unified's CEO, seeking documents and testimony.  The Unified subpoena demands production of eighteen categories of documents and deposition testimony.  The Jakel subpoena demands production of the same eighteen categories of documents and deposition testimony along with five additional categories.  Concurrent with the filing of the present motion, Unified and Jakel served Broadband with responses and objections to the subpoenas.  Unified and Jakel objected to the subpoenas on multiple grounds, including that the requests: (1) sought information protected by the attorney-client privilege; (2) sought Unified's highly confidential business information; (3) sought irrelevant information; (4) sought information that was publicly available from Defendants in the patent litigation; and (5) sought information duplicative to that which Unified had already produced in the IPR proceeding.

Here, in this miscellaneous action, Unified and Jakel move to quash the subpoenas issued by Broadband.

**LEGAL STANDARD**

Rule 45 of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena commanding a non-party to attend and testify; produce designated documents, electronically stored information, or tangible things in that non-party's possession, custody or control; or permit the inspection of premises.  Fed. R. Civ. P. 45(a)(1)(A)(iii).  The scope of discovery through a Fed. R. Civ. P. 45 subpoena is the same as that applicable to Fed. R. Civ. P. 34 and the other discovery rules.  Fed. R. Civ. P. 45 advisory committee's note (1970).

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    Parties may obtain discovery about any nonprivileged matter that is relevant to any party's

2    claim or defense.  Fed. R. Civ. P. 26(b)(1).  "Relevance under Rule 26(b)(1) is construed more

3    broadly for discovery than for trial."  *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207,

4    1211 (Fed. Cir. 1987).  "Relevant information need not be admissible at the trial if the discovery

5    appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P.

6    26(b)(1).  "'A district court whose only connection with a case is supervision of discovery ancillary

7    to an action in another district should be especially hesitant to pass judgment on what constitutes

8    relevant evidence thereunder.  Where relevance is in doubt . . . the court should be permissive.'"

9    *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 681 (N.D. Cal. 2006) (quoting *Truswal Sys. Corp.*, 813

10   F.2d at 1211-12).

11   Discovery is not unfettered, however.  A court must limit the extent or frequency of

12   discovery if it finds that (a) the discovery sought is unreasonably cumulative or duplicative or can

13   be obtained from a source that is more convenient, less burdensome or less expensive; (b) the party

14   seeking discovery has had ample opportunity to obtain the information through discovery; or (c) the

15   burden or expense of the discovery sought outweighs its likely benefit, considering the needs of the

16   case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the

17   importance of the discovery in resolving those issues.  Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

18   Fed. R. Civ. P. 45(d)(3)(B) provides that the court may quash or modify a subpoena if it

19   requires: "(i) disclosing a trade secret or other confidential research, development, or commercial

20   information; or (ii) disclosing an unretained expert's opinion or information that does not describe

21   specific occurrences in dispute and results from the expert's study that was not requested by a

22   party."  Additionally, Fed. R. Civ. P. 45(c)(3) provides that the court must quash or modify a

23   subpoena that imposes an undue burden.

24                                          **DISCUSSION**

25   First, the information sought by Broadband's subpoenas is not relevant to the claims or

26   defenses of any party.  The information sought by Broadband falls under two categories: (1)

27   information and communications regarding Unified's IPR Petition to the PTAB; and (2) business

28   relationships and communications between Unified and its members.  None of this information is

3

related to the claims and defenses at issue in the patent litigation.  Broadband does not seek information regarding Defendants' infringement of the '336 patent or information regarding any Defendants' accused products or acts.  Additionally, any information regarding Unified or Jakel's view of the '336 patent's validity is irrelevant, as Unified and Jakel are not parties to the patent litigation.

Broadband argues that because an IPR proceeding assesses the validity of a patent, Broadband's subpoenas seek documents and information that go to any defense of invalidity that one or more of Defendants may assert.  According to Broadband, its subpoenas are therefore relevant to assess the strength or weakness of one or more of Defendants' potential invalidity defenses.  However, the only invalidity arguments that are relevant to the patent litigation are those made by Defendants, not by Unified and Jakel.  Moreover, Broadband notes in its opposition that Defendants have not asserted the same prior art that Unified relied on in its IPR.  Opp. at 2. Accordingly, Unified and Jakel's opinion of the '336 patent is not relevant to Defendants' challenges to the '336 patent's validity in the patent litigation.

In addition, Broadband argues that it has reason to believe that one or more of the Defendants is a subscriber to Unified.  According to Broadband, it "has the right to know under what circumstances Unified would pay over $9,000 in filing fees (plus whatever attorneys' fees in preparing the request) to institute an IPR if one of its subscribers did not have a significant interest in the Lawsuit." Opp. at 6.  Whether any Defendant is a Unified member, however, is not relevant. In addition, this information, if the trial court deems it discoverable, can be sought from Defendants, who are parties to the litigation, rather than burdening non-parties.  *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant.").

Second, Broadband's subpoenas seek privileged and confidential information.  Several of the requests seek Unified's privileged strategy.  For instance, Request No. 6 seeks "[a]ll documents and things that refer to, relate to, or comment upon the *Inter Partes* Review of the '336 patent, proceedings number IPR2014-01222, including the decision to institute this proceeding."  Request No. 12 seeks "[a]ll documents and things referring to, relating to, or commenting upon the decision

4

United States District Court
For the Northern District of California

to rely upon U.S. Patent and/or Publication Nos. 6,804,258, 5,648,824, 5,758,258, and 2002/0138843 in IPR No. IPR2014-01222."  California law protects topics relating to attorney-client communications from disclosure.  *See* Cal. Evid. Code § 954.

In addition, the subpoenas seek Unified's confidential membership list.  For instance, Request No. 18 seeks "[a]ll documents and things referring to, relating to, or commenting upon the identities of each of your subscribers."  Request No. 3 seeks information relating to Defendant's relationship with Unified.  Unified's relationship with its members, membership list, and terms of its agreements with its members are confidential information.  *See* Jakel Decl. ¶¶ 7, 8.  This information is protected from disclosure.  *N.A.A.C.P. v. Alabama*, 357 U.S. 449, 462 (1958) (stating that "[t]his Court has recognized the vital relationship between freedom to associate and privacy in one's associations" and holding that disclosure of the N.A.A.C.P.'s membership list would be "a substantial restraint upon . . . [the] right to freedom of association").

Broadband argues that the information sought is not subject to work-product or attorney client privilege because Unified and Jakel are not parties to the patent lawsuit.  However, "work product is not limited to proceedings which are strictly related to each other."  *Fru-Con Const. Corp. v. Sacramento Mun. Util. Dist.*, No. CIV S-05-0583, 2006 WL 2050999, at *5 (E.D. Cal. July 20, 2006).  In addition, both work product and attorney-client privilege apply to Unified and Jakel's communications, strategies, and actions in the IPR proceeding.  An IPR proceeding is an adversarial, administrative trial in front of the PTAB (formerly known as the Board of Patent Appeals and Interferences).  *See* H.R. Rep. No. 112-98, pt. 1, 46-47 (June 11, 2011) ("The Act converts inter partes reexamination from an examinational to an adjudicative proceeding, and renames the proceeding "inter partes review.").

Moreover, Broadband argues that Unified has failed to meet its burden to establish that the materials at issue are protected because it has not produced a privilege log.  However, Unified and Jakel are seeking to quash the subpoenas; they are not producing documents.  A privilege log is inapplicable here.

Broadband argues that to the extent that the subpoenas encompass any privileged or confidential information, procedures can be put in place to protect such information, such as

marking the documents as Confidential or Highly Confidential in accordance with the protective

order that is currently being negotiated in the patent lawsuit.  Unified and Jakel, however, are not

parties to that protective order.

Because these issues are dispositive, the parties' remaining arguments will not be addressed.

**CONCLUSION**

For the reasons stated above, Unified and Jakel's motion to quash is granted.

**IT IS SO ORDERED.**

Dated: April 17, 2015

_____

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

**15-mc-80053 HRL Notice will be electronically mailed to:**

Frederick A. Tecce     ftecce@mcshea-tecce.com

Katherine Cappaert      kcappaert@oblon.com

Marc N. Bernstein       mbernstein@blgrp.com, baskinazi@blgrp.com, mdietrich@blgrp.com, wfitton@blgrp.com

Michael L. Kiklis      mkiklis@oblon.com

Paul Alston     palston@ahfi.com

Sasha G. Rao      srao@maynardcooper.com, mdunn@maynardcooper.com

Steven Shea Kaufhold      skaufhold@kaufholdgaskin.com

Will Barnett Fitton     wfitton@blgrp.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**